[634 NYS2d 748]

In the Matter of JOHN W. BLAHA (Admitted as JOHN WILLIAM BLAHA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 11, 1995

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Jerome Karp,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on December 18, 1968, under the name John William Blaha.

In this proceeding, the respondent was charged with six allegations of professional misconduct. The Special Referee sustained all six charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent has submitted an affirmation in response requesting that any additional sanction imposed be deemed retroactive to the date the respondent's prior suspension was technically concluded.

Charge One alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained, in or about 1988, to handle the sale of an apartment building owned by a partnership of which Carol Borhi was a general partner. At the closing, which occurred on July 1, 1988, Ms. Borhi remitted to the respondent all outstanding bills pertaining to the property and entrusted him with the balance of the funds from the partnership account, with the understanding that the respondent would pay the bills. The respondent failed to pay at least one outstanding bill. The parties stipulated that as a result of the respondent's neglect a security deposit held by Con Edison had to be applied to an unpaid utility bill.

Charge Two alleged that the respondent failed to adequately communicate with a client in that he failed to respond to Ms. Borhi's repeated telephone calls and letters concerning these matters.

Charge Three alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained by Mrs. William V. Eichler, in or about September 1989, to prosecute a claim for damages allegedly inflicted upon an oil painting she had loaned to an art gallery. The respondent failed to take any action on her behalf and returned her documents to her in or about March 1991.

Charge Four alleged that the respondent failed to adequately communicate with a client in that he failed to respond to Mrs.

Eichler's numerous telephone calls and letters concerning this matter.

Charge Five alleged that the respondent neglected a legal matter entrusted to him. The respondent was retained to represent the estate of Bernard Victor in or about May 1988. Over the next year, the respondent repeatedly assured the two beneficiaries, one of whom was the executrix, that he was taking appropriate steps to move the matter, and that it would soon be settled. The respondent failed to take any steps to probate the estate, resulting in his discharge by the executrix.

Charge Six alleged that the respondent neglected a legal matter entrusted to him. In or about 1987, Richard Stoike retained the respondent to handle the estate of his aunt, Hedwig Ihasz, and to effect the transfer of real property to his mother, Clara Stoike. In or about 1990, the respondent was retained to handle the estate of Clara Stoike. The respondent repeatedly assured Richard Stoike that he was taking appropriate steps to move both matters along.

As of October 18, 1990, the respondent's suspension from practice, he had failed to effect the transfer of real property and failed to take the steps necessary to conclude the two estates. The respondent also failed to timely commence tax proceedings on both estates, resulting in penalties and interest being assessed against the estates.

Based on the evidence adduced, including the stipulation of facts dated January 27, 1995, we find that the Special Referee properly sustained all six charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's request that any additional sanction imposed be deemed retroactive to the date the respondent's prior suspension was technically concluded is denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors offered by the respondent including the strides he has made in overcoming his depression, his expressed remorse, his cooperation with the Grievance Committee, and the restitution which he has made to the aggrieved parties. However, in addition to his interim suspension since October 18, 1990, and his one-year suspension on August 9, 1993, based on charges of failure to cooperate and failure to file an affidavit of compliance with the October 18, 1990 order, the respondent has an extensive disciplinary history. The respondent's prior history consists of the following: (1) a Letter of Caution, dated January 17, 1979, for failing to cooperate with the Queens County Bar Associa-

tion and the Grievance Committee, (2) a Letter of Admonition, dated October 11, 1984, for neglecting an estate, (3) an Admonition, dated May 20, 1986, for failure to cooperate, and (4) an Admonition, personally delivered by the Grievance Committee on January 12, 1988, for failure to cooperate and for failure to promptly turn over funds to a mortgagor.

Under the totality of circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John W. Blaha, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John W. Blaha, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.